UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**GLENDA A. TRIVETT,**

    **Plaintiff,**

v.                                                                                                   **Case No: 5:12-cv-534-Oc-PRL**

**COMMISSIONER OF SOCIAL
SECURITY**

    **Defendant.**

## ORDER

This case is before the Court for consideration of Plaintiff's Attorneys' Consent Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b). (Doc. 39). For the reasons explained below, Plaintiff's Attorneys' motion for fees is due to be granted.

On December 18, 2014, the Court entered an order pursuant to sentence four of 42 U.S.C. § 405(g) reversing and remanding the case to the Social Security Administration for further proceedings. (Doc. 35). Judgment was entered on December 19, 2014. (Doc. 36). Counsel recites that prior fee awards under the Equal Access to Justice Act, including an attorney fee award of $7,317.68 (Doc. 37), were not paid because it was determined that Plaintiff owed a debt to the federal government. Plaintiff's counsel further recites that a prior EAJA fee award in the amount of $4,737.19 was received and will be refunded as required under § 406(b).

Thereafter, on remand, Plaintiff was awarded past due benefits in an amount totaling approximately $60,000. (Doc. 39, Ex. 1). The Commissioner withheld in escrow $14,856.75 of the award of past due benefits to secure payment of attorney's fees. Plaintiff's counsel, Attorneys

- 2 -

Leon Boyajan and Sarah Bohr, now seek payment for work representing Plaintiff in the amount of the 25 percent in escrow: $14,856.75. Counsel concedes that, although EAJA fees were previously awarded, all but $4,737.19 of the fees were taken by the federal government to pay for a debt owed by Plaintiff. *See* Public Law 99-80, §3, 99 Stat. 183, 186 (1985). Counsel agrees to repay $4,737.19 in the previously awarded EAJA fees.

In support of the motion, Plaintiff's counsel has filed a copy of the fee agreement, which provides for attorney's fees of 25 percent of past due benefits. (Doc. 39, Ex. 3). Counsel also states that the Commissioner is not opposed to the requested fees under 42 U.S.C. § 406(b) in the requested amount. (Doc. 39.)

Under 42 U.S.C. § 406(b)(1), an attorney, as here, who successfully represents a Social Security claimant in court may be awarded as part of the judgment "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant. The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." 42 U.S.C. Sec 406(b)(1). As required by *Gisbrecht v. Barnhardt,* 535 U.S. 789, 808 (2002) - the Supreme Court's pronouncement concerning the award of 406(b) fees - courts should approach contingent-fee determinations by first looking to the agreement between the attorney and the client, and then testing that agreement for reasonableness. "A contingent-fee agreement is not per se reasonable. Deference should be given, however, to the 'freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate ... and of an attorney's willingness to take the case despite the risk of nonpayment." *Joslyn v. Barnhart*, 389 F.Supp.2d 454, 456 (W.D. N.Y. 2005).

As such, when a court is called upon to assess the reasonableness of the award, a court should balance the interest in protecting claimants from inordinately large fees against the interest

in ensuring that attorneys are adequately compensated so that they continue to represent clients in disability benefits cases. *Gisbrecht*, 535 U.S. at 805. In making this reasonableness determination, the Supreme Court highlighted several important factors including: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Id.* at 808.

Here, the Court finds that the requested attorney's fees are reasonable. The requested fee will not result in a windfall for counsel. Indeed, counsel has represented Plaintiff since 2005, and through multiple appeals. The Commissioner does not oppose the attorney fee award requested by Plaintiff.

Accordingly, for these reasons, Plaintiff's Attorneys' Motion (Doc. 39) for Attorneys' Fees Under 42 U.S.C. § 406(b) is **GRANTED**. Section 406(b)(1) fees are approved for Plaintiff's counsel, Sarah Bohr, Esquire, and Leon Boyajan, Esquire, in the sum of $14,856.75 to be paid out of the Plaintiff's past due benefits currently being withheld by the Social Security Administration. In addition, counsel for Plaintiff is directed to return to Plaintiff the sum of $4,737.19, representing the EAJA fees that previously were awarded to counsel.

**DONE** and **ORDERED** in Ocala, Florida on August 18, 2014.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

- 4 -

Counsel of Record
Unrepresented Parties

- 4 -